**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| **c/o United States Attorney's Office** : | |
| **Judiciary Center Building** : | |
| **555 4th Street, N.W.** : | |
| **Washington, D.C. 20530,** : | |
| : | **Civil Action No. 05-** |
| **Plaintiff,** : | |
| : | |
| **v.** : | |
| : | |
| **ONE 1995 MERCEDES BENZ S420,** : | |
| **VIN WDBGA43E1SA260011** : | |
| **WITH ALL APPURTENANCES** : | |
| **AND ATTACHMENTS THEREON,** : | |
| : | |
| **Defendant.** : | |
| _____: | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully states as follows:

1.       This is a civil action, *in rem*, brought to enforce 21 U.S.C. § 881(a)(6) which provides for the forfeiture of anything of value that is furnished in exchange for a controlled substance, is traceable to such an exchange, or all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. § 801 et. seq.  Additionally, this action is brought to enforce 18 U.S.C. § 981(a)(1)(A) which provides for the forfeiture of any property involved in, or traceable to, the money laundering offenses as proscribed by 18 U.S.C. §§ 1956, 1957 and/or 1960.

2.       This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355(a).  Venue is established by virtue of 28 U.S.C. §§ 1355(b) and 1395.

3.    The defendant property is more fully described as a 1995 Mercedes Benz S420 (VIN: WDBGA43E1SA260011), with all appurtenances and attachments thereon ("defendant Mercedes").

4.    On April 28, 2005, members of the Federal Bureau of Investigation ( "FBI") seized the defendant Mercedes during the course of a search warrant executed at Two Man Gear Sports, a retail store, located in District Heights, Maryland.  When seized, the defendant Mercedes was worth approximately $13,835.00.  The defendant Mercedes is presently being stored in the District of Columbia.

5.    A criminal investigation conducted by the FBI has disclosed that Clifton Curtis ("Curtis") was a large-scale distributor of controlled substances.  As part of its investigation, FBI Special Agents and individuals working with them were able to purchase cocaine from Curtis on several occasions, leading to the execution of a search warrant at Two Man Gear Sports store on April 25, 2005.

6.    Based on evidence obtained during its investigation, on April 28, 2005, the FBI executed a search warrant on the Two Man Gear store wherein they found three kilograms of cocaine located inside an office of the store.  The agents also recovered other items inside the store associated with drug distribution activities including a ceramic plate, a glass plate, two razor blades and a bag of plastic baggies found inside a microwave in the rear of the store.

7.    Curtis was at the Two Man Gear Sports store when Special Agents conducted their search and he was arrested and subsequently was indicted in the United States District Court for the District of Columbia for possession with the intent to distribute, and conspiracy to distribute, cocaine base.  After he was arrested, Curtis admitted to being a cocaine powder and crack

cocaine distributor.  He further admitted to purchasing the three kilograms of crack cocaine that the Special Agents found on the premises of his business during their April 28, 2005 search.

8.      Investigation reveals that Two Man Gear Sports maintains no banking records and very little inventory.

9.      A check of employment records with the District of Columbia and for the states of Maryland and Virginia disclosed that Curtis has no legitimate means of employment.

10.      On April 11, 2005, Curtis purchased the defendant Mercedes at Jimmy's Auto, Inc. in Washington, D.C., for $13,900.00.  James Route, acting on behalf of Jimmy's Auto, Inc., filed an administrative claim to the defendant Mercedes on August 25, 2005.

## COUNT I

11.      All statements and averments made in paragraphs 1-10 are re-alleged and incorporated herein by reference.

12.      The defendant Mercedes is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes proceeds traceable to money exchanged for a controlled substance, or it is traceable to such an exchange.

## COUNT II

13.      All statements and averments made in paragraphs 1-10 are re-alleged and incorporated herein by reference.

14.      The sale and purchase of the defendant Mercedes constituted a "financial transaction," as that term is defined by 18 U.S.C. § 1956(c)(4), involving the proceeds of a specified unlawful activity, and the purpose of the financial transaction was to conceal or disguise the nature, location, source, ownership, and/or control of the proceeds of the specified

unlawful activity.

15.    In light of the above-described events, the defendant Mercedes is property involved in a violation of 18 U.S.C. § 1956(a)(1)(B)(i) and is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## COUNT III

16.    All statements and averments made in paragraphs 1-10 are re-alleged and incorporated herein by reference.

17.    The sale and purchase of the defendant Mercedes constituted a "financial transaction," as that term is defined by 18 U.S.C. § 1956(c)(4), involving the proceeds of a specified unlawful activity, and the purpose of the financial transaction was to promote the carrying on of a specified unlawful activity.

18.    In light of the above-described events, the defendant Mercedes is property involved in a violation of 18 U.S.C. § 1956(a)(1)(A)(i) and is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).


**WHEREFORE**, the United States of America prays that process of warrant issue for the arrest of the defendant Mercedes as described above; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the defendant Mercedes be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief

as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

_____

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar No. 451058

_____

WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar No. 426301

_____

MICHAEL A. HUMPHREYS
Assistant United States Attorney
D.C. Bar No. 383353
Asset Forfeiture Unit, Criminal Division
555 4th Street, N.W. Room 4233
Washington, D.C.  20530
(202) 514-7065

<u>VERIFICATION</u>

I, PAUL CAVANAGH, Special Agent for the Federal Bureau of Investigation,

Washington, D.C. Field Office, declare under penalty of perjury pursuant to 28 U.S.C. § 1746

that the foregoing Complaint for Forfeiture *in rem* is based upon reports and information

furnished to me by law enforcement agents and that everything contained therein is true and

correct to the best of my knowledge and belief.

Executed on this _____ day of November, 2005.


_____
PAUL M. CAVANAGH
Special Agent
Federal Bureau of Investigation